ZINTER, Justice
(concurring specially).
[¶ 32.] I concur, but would not address the discretionary/ministerial question considered by the Court, even though it has been raised by the parties. I would not address that question because it was not certified as a question by the district court. Our appellate jurisdiction is limited, and in these cases it is limited to answering “questions of law certified ... by the ... United States district court[.]” SDCL 15-24A-1 (emphasis added). Because the discretionary/ministerial question was not certified, we are without jurisdiction to determine whether the discretionary/ministerial doctrine has application under the statutes and facts of this case: these are questions for the district court.
[¶ 33.] I also write to note that in my view, this is a unique case that does not require analyzing and determining the differences between common law and statutory immunity. The entire field of common law sovereign immunity regarding the operation of this jail (and the purchase of insurance) has been superseded by statutes rendering this question solely a matter of statutory interpretation.
[¶ 34.] The common law doctrine of sovereign immunity is acknowledged and incorporated in Article III, Section 27 of the South Dakota Constitution. Under that constitutional provision, the “Legislature shall direct by law in what manner and in what courts suits may be brought against the state.” Id. Pursuant to that authority, the common law doctrine of sovereign immunity has today, in large part, been transformed from common law; i.e. decisional law, to statutory law. With respect to the issues of jails, insurance, and participation in risk pools, the common law has been entirely displaced by SDCL 21-32A-1, SDCL 3-21-8, and SDCL 3-21-9. *850 Thus, our task is to determine the nature and extent of the state’s sovereign immunity under these statutory directives.
[¶ 35.] Ultimately, for the reasons expressed by the Court, I agree that the immunity afforded under the more specific immunity statutes (SDCL 3-21-8 and 3-21-9) is not abrogated by insurance or risk pool participation under SDCL 21-32A-1.
[¶ 36.] MEIERHENRY, Justice, joins this special writing.